UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**F I L E D**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   APR 04 2019   ★

LONG ISLAND OFFICE

-------------------------------------------------------X

VIMON PANCHITKHAEW,

                    Plaintiff,

        -against-

LONG ISLAND JEWISH MEDICAL CENTER,
DR. DEV KAMDAR, DR. ARMEN KASABIEN,
DR. FRANK G. DOUGLAS,

                    Defendants.

ORDER
18-CV-4434 (JFB)(AKT)

-------------------------------------------------------X

JOSEPH F. BIANCO, District Judge:

On August 6, 2018, *pro se* plaintiff Vimon Panchitkhaew ("plaintiff") filed an *in forma pauperis* complaint against Long Island Jewish Medical Center (the "Medical Center"), Dr. Dev Kamdar ("Dr. Kamdar"), Dr. Armen Kasabian ("Dr. Kasabian"), and Dr. Frank G. Douglas ("Dr. Douglas" and collectively, "defendants"). (ECF No. 1.) Accompanying the complaint is an application to proceed *in forma pauperis*. (ECF No. 2.) For the reasons that follow, plaintiff's application to proceed *in forma pauperis* is granted, and the complaint is dismissed without prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

I.     The Complaint

Plaintiff's brief complaint is submitted on the Court's general complaint form. Although plaintiff checked the box to allege that this Court's federal question subject matter jurisdiction is invoked, in the space on the form complaint that calls for the federal constitutional provision or federal statute that is at issue, plaintiff alleges "28: 1131, 28: 1332, NYS: other tort (negligence)." (Compl. ¶ II. A.) Plaintiff also alleges that she, and each of the defendants, are citizens of New

York State (*id.* ¶ 2. B. 1-2), and that the amount in controversy is 40 million dollars. (Id. ¶ 2.B.3.)

Plaintiff, a self-described fifty-eight-year-old "underrepresented minority from Thailand," alleges that she "has been living her life miserably, painfully, and [has] endless health issues" due to the "medical negligence" of the defendants. (*Id.* at 7-8.) According to the complaint, plaintiff had "extensive surgery" at the Medical Center to treat "buccal squamous cell carcinoma invading the mandible," but she then "developed squamous cell carcinoma on the left side of her mouth." (*Id.* at 8-9.) Plaintiff alleges that she was "admitted to the operating room" for "resection," but instead, defendants "performed a partial maxillectomy that unnecessarily went all the way to the retromolar trigone, and significant soft tissues." (*Id.* at 9.) Plaintiff claims that, "[a]s a result of this improvised, unplanned surgery, [she] permanently suffocated an '[o]ral [i]ncompetence." (*Id.*) As a result, plaintiff alleges claims of "negligence - medical malpractice." (*Id.* at 11.)

II.     Application to Proceed *In Forma Pauperis*

Upon review of plaintiff's declaration in support of her application to proceed *in forma pauperis*, the Court determines that plaintiff's financial status qualifies her to commence this action without prepayment of the filing fees. *See* 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's request to proceed *in forma pauperis* is granted.

III.    Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court is required to dismiss the action as soon as it makes such a determination. *See id.*

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read the plaintiff's *pro se* complaint liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010); and to construe it "'to raise the strongest arguments'" suggested. *Chavis*, 618 F.3d at 170 (quoting *Harris v. City of N.Y.*, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010), *aff'd* 569 U.S. 108 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679 (citations omitted). The plausibility standard requires "more than a sheer possibility that defendant has acted unlawfully." *Id.* at 678. While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Plaintiff's factual allegations must also be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted),

3

and must show that the court has subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

### A. Legal Standard for Subject Matter Jurisdiction

As a threshold matter, the Court must determine whether it has subject matter jurisdiction to adjudicate plaintiff's claims. "Federal courts must determine that they have jurisdiction before proceeding to the merits." *Lance v. Coffman*, 549 U.S. 437, 439 (2007). Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction. *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000). Lack of subject matter jurisdiction cannot be waived, and may be raised at any time by a party or by the Court *sua sponte. Id.* If subject matter jurisdiction is lacking, the action must be dismissed. Fed. R. Civ. P. 12(h)(3); *Lyndonville Sav. Bank & Tr. Co.*, 211 F.3d at 700-01.

The basic statutory grants of subject matter jurisdiction are set forth in 28 U.S.C. §§ 1331 and 1332. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). Section 1331 provides that federal district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Section 1332 provides that federal district court subject matter jurisdiction may be established where there is a diversity of citizenship between the parties, and the amount in controversy exceeds the sum of $75,000. 28 U.S.C. § 1332. Although courts hold *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers," *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), *pro se* litigants must establish subject matter jurisdiction, *see, e.g., Rene v. Citibank N.A.*, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999).

## B. Subject Matter Jurisdiction Analysis

Applying the rules regarding federal district court subject matter jurisdiction to this case, it is clear that this Court lacks subject matter jurisdiction to adjudicate plaintiff's claims. Although plaintiff seeks to invoke this Court's federal question jurisdiction, she does not allege, or even mention, any federal law, treaty, or constitutional provision in her complaint other than the subject matter jurisdiction statutes. Even construing the *pro se* complaint liberally, the Court cannot discern a non-frivolous federal claim such that this Court's federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 may be invoked. Rather, plaintiff alleges that she seeks to pursue state law tort claims of negligence and medical malpractice. *See Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 137 (2d Cir. 2002) ("When deciding whether federal question jurisdiction exists, we must proceed prudently and make pragmatic distinctions between those allegations, if any, that raise substantial questions and those that do not." (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 26 (1983))).

Further, diversity subject matter jurisdiction is not established pursuant to 28 U.S.C. § 1332, because plaintiff alleges that all of the parties to the case are citizens of New York. Because diversity of citizenship is lacking, the requirements of 28 U.S.C. § 1332 are not met. In the absence of a basis to support this Court's subject matter jurisdiction, plaintiff's complaint must be dismissed. See 28 U.S.C. § 1915(e)(2)(B)(ii); Fed. R. Civ P. 12 (h)(3). However, plaintiff's claims are dismissed without prejudice and she may pursue any valid claims she may have against the defendants in state court.

IV.    Leave to Amend

In light of the pleading deficiencies set forth above, the Court has considered whether plaintiff should be given an opportunity to re-plead.    Leave to amend should be freely granted when justice so requires.    Fed. R. Civ. P. 15(a)(2).    "This relaxed standard applies with particular force to *pro se* litigants."    *Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir. 1999).    The Second Circuit has emphasized that a "court should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."    *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citations and internal quotation marks omitted); *see also Chavis*, 618 F.3d at 170.    Nevertheless, "[l]eave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'"    *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008).

Here, the lack of subject matter jurisdiction cannot be remedied by amendment. Accordingly, the Court declines to grant plaintiff leave to file an amended complaint.


CONCLUSION

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted, and her complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) (ii) and Federal Rule of Civil Procedure 12(h)(3).    The Clerk of the Court is directed to close this

case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/ Joseph F. Bianco

Dated:     April 4, 2019
            Central Islip, New York

Joseph F. Bianco
United States District Judge